30 Cal.2d 274, 280 [181 P.2d 874] ; *Estate of Platt*, 21 Cal.2d 343, 352 [131 P.2d 825].

On the whole case we are satisfied that there is no escape from the conclusion that when the parties agreed to the cancellation of the first policy they acted in contemplation of the express terms of the statute declaring that such cancellation was not effective until the expiration of the 10-day period.

Therefore, the judgment is reversed.

Goodell, J., and Dooling, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 29, 1948.

[Civ. No. 13454. First Dist., Div. Two. Dec. 1, 1947.]

MERCHANTS FINANCE CORPORATION (a Corporation), Respondent, v. PETER MAHOMED et al., Appellants.

S. C. Masterson and Joseph Genser for Appellants.

Eugene K. Sturgis for Respondent.

GOODELL, J.—This is an appeal on the judgment roll in a suit for declaratory relief.

The property involved consists of Lots 11, 12 and 13 in Block 14 of Osborn's Addition in Richmond, California. Respondent was decreed to be the owner, its title arising out of the foreclosure of three street improvement bonds, each for $112.50, issued on November 22, 1928, one of which was a lien against Lot 11, another against Lot 12 and the third against Lot 13. Respondent foreclosed in the superior court; on July 3, 1931, a certificate of sale issued and on February 9, 1933, a commissioner's deed was recorded.

Appellants became the owners of the three lots on February 2, 1920, and paid all taxes levied against them from 1920 until 1926. From 1926 until 1939, they paid none and on June 27, 1927, the lots were sold to the state for nonpayment of taxes.. A deed to the state was made on July 28, 1932.

On January 5, 1939, the tax collector held a sale at which appellants became the purchasers of the three lots for $150, under a contract calling for a down payment of 10 per cent and the balance in nine annual installments of 10 per cent

each, and on this contract their claim herein is based. They have paid all installments falling due up to this litigation, all interest, and all taxes levied since 1939.

The decree adjudges that respondent's title is subject to the lien of all taxes against the property; it requires respondent to refund to appellants the $115.02 paid by them for taxes subsequent to January 5, 1939, and it orders the tax collector to refund all money received from appellants under their contract.

The sale to the state was for taxes which appellants failed to pay while they owned the property. Consequently, when, some 13 years after their delinquency, they contracted to buy the property for the second time—in this instance from the tax collector—they brought themselves within the rule, settled by a long line of decisions, that an owner, after neglecting to pay taxes and allowing his property to be sold, cannot thereafter acquire title to it at a tax sale. This rule was reaffirmed in *Garvey* v. *Byram*, 18 Cal.2d 279 [115 P.2d 501, 136 A.L.R. 1137], where the earlier cases are collected.

Appellants recognize that under this rule they were disabled from purchasing the property, but claim that the 1943 amendment of section 3691 of the Revenue and Taxation Code was a curative statute which removed the disability. That section reads, "The tax collector may sell for lawful money of the United States all or any portion of tax-deeded property *as provided in this chapter*, . . . *Any person, regardless of any prior or existing lien on, claim to or interest in such property, may purchase at said sale.*" (Emphasis added.)

Appellants' position is that the last sentence, added in 1943, changed the rule of *Garvey* v. *Byram* and validated *sales held prior to the enactment* which, but for the amendment, would have been subject to the rule.

At the 1943 session several pieces of tax legislation were enacted (Stats. 1943: ch. 452, p. 1988; ch. 458, p. 1993; ch. 897, p. 2743). Appellants concede that of the three, chapter 458 is the only one "expressly designated as curative in nature" but they argue "that all three are a part of the legislative scheme outlined." Chapter 458 is entitled "An act to validate certain acts . . . relating to taxation of property." However, it was not by that chapter that section 3691 was amended, but by chapter 452 which changed four sections and repealed one. Chapter 897 simply added 23

new sections. The very fact that chapter 458 is avowedly a curative statute indicates by contrast that the other two are not.

If, as appears to be the case, the 1943 amendment changed the rule of *Garvey* v. *Byram,* still it does not follow that it was meant to embrace sales *held prior to its enactment,* and no good reason appears why it should do so.

Chapter 7, part 6, division 1 of the Revenue and Taxation Code (§ 3691 to § 3730) deals with ''Sale to Private Parties After Deed to State.'' Section 3691 authorizes the sale of ''tax deeded property *as provided in this chapter*'' (emphasis added). Section 3693 defines the ''Kind of sale authorized'' as follows: ''The sale shall be at public auction for cash in lawful money of the United States or negotiable paper. . . .'' At the time of the 1939 sale to appellants, section 3897 of the Political Code was in effect and it set up altogether different machinery for the sale of tax deeded property than that set up by chapter 7 of the new code. It provided for a private sale as well as one at public auction; it provided also for an installment sale spread over a 10-year period, which, indeed, is the form of appellants' contract. When such provisions are compared with those of section 3693 requiring a sale only at public auction and for *cash* or negotiable paper, it is readily seen that there is no connection between the ''kind of sale authorized'' by section 3693 and the kind of sale at which appellants purchased.

When, therefore, the 1943 amendment of section 3691 provides that ''Any person, regardless of any prior or existing lien on, claim to or interest in such property, may purchase at *said* sale'' (emphasis added), it must necessarily mean only a sale, spoken of earlier in the section, *''as provided in this chapter,''* which in turn means a sale *for cash or negotiable paper.* Such language cannot be expanded so as to take in a sale held two years before the new code went into effect, where payment, instead of for cash, was spread over a 10-year period.

Retroactive legislation was recently considered in the Industrial Accident Commission cases, *Aetna Cas. & Sur. Co.* v. *Industrial Acc. Com.,* 30 Cal.2d 388, 393 [182 P.2d 159], where the court said, ''It is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent [citations].''

There is nothing in the language of section 3691

as amended in 1943 to indicate that it was intended to apply otherwise than to the sales *as provided in chapter 7 of the new code.* Accordingly, we must conclude (paraphrasing the language of the last-cited case, p. 396) "that it does not clearly appear from the language of the amended statute, or by necessary implication, that the Legislature intended it to apply" to sales which "occurred before the effective date of the enactment." Hence the rule of *Garvey* v. *Byram* continued to bar appellants from acquiring any rights at the sale of January 5, 1939.

█ Appellants pleaded three distinct statutes of limitation, namely, subdivision 1 of section 337, subdivision 1 of section 338 and section 343, of the Code of Civil Procedure.

In their opening brief appellants discuss only section 343 and apparently no longer rely on the other two statutes. Respondent points out that section 343 cannot possibly apply because of the existence of a specific statute covering such cases as this, namely section 3725, Revenue and Taxation Code. Appellants counter by saying that that section cannot be applicable because it was not in effect when the contract was made, adding that section 3897, Political Code (already discussed), then in effect, is the applicable statute. It provided that no action "to set aside, cancel, or question the validity of any proceedings instituted under the provisions of this section" could be maintained unless "commenced within six months after the date of the execution of the deed of the tax collector." Section 3725 of the present code enlarged this period from six months to one year *after such deed.*

We agree with respondent that section 343 does not touch this case for it reads, "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued," while here the tax legislation has its own statute of limitations. █ It is either section 3897, Political Code or section 3725, Revenue and Taxation Code, and it makes no difference which, because neither was pleaded, hence neither can now be urged. (16 Cal.Jur. p. 603, § 199.)

█ This case presents no statute of limitations problem. It is a suit for a declaratory judgment, brought while appellants' contract remains executory. Only seven installments have been paid, and respondent apparently timed its action so as to obtain a declaration of its rights long before the time

arrived for the tax deed, and therefore before the approach of the period when the statute of limitations might become an issue.

What has been just said answers also the appellants' argument respecting laches. They stress the fact that the contract remains executory, and we have just seen that the suit was brought well before the time for the deed. In such circumstances it is difficult to see how the respondent can be charged with delay, and still more difficult to discover how appellants have suffered any harm or prejudice. They entered into a contract to buy property which they had permitted to be sold for taxes, at a time when the law declared that such purchasers could acquire no title.

Respondent was clearly entitled to a judicial declaration that no rights were acquired at the sale, and in making that declaration the court took care of appellants' incidental rights by making just and proper provision for the return to them of all they have paid out on the property since the sale.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.