[Crim. No. 4369. First Dist., Div. Two. Feb. 17, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. UEDELE WILSON, Defendant and Respondent.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Barry L. Bunshoft, Deputy Attorneys General, for Plaintiff and Appellant.

A. B. Broaddus, Public Defender, for Defendant and Respondent.

AGEE, J.—The People have appealed from an order of the superior court setting aside the information and dismissing this action pursuant to a motion made by defendant under the provisions of section 995 of the Penal Code. No issue is raised as to the right of the defendant to make such a motion. The entire controversy is over the effect on the instant action of an earlier action arising out of the same incident.

On the morning of October 20, 1962, Deputy Sheriff Costa drove his car to defendant's home with a warrant for his arrest; defendant invited him to come in but there were others in the house and the deputy suggested that they talk outside; they went out to the car and got in; the deputy read the warrant to defendant and told him that he was under arrest; defendant thereupon jumped out of the car and "took off" for his father's house, which was about 125 feet away; the deputy followed him and tried to get him to come back; defendant would not do so and "he started wanting to fight"; the deputy thereupon went back to the car and got his handcuffs; when he returned and started to open the screen door, defendant was standing in the hallway about 6 or 8 feet from the door; he had a rifle pointed toward the deputy and told him not to come in or "I'll let you have it"; the deputy returned to his car and radioed for help; when help arrived, defendant could not be found; he turned himself in to the authorities that same afternoon.

On October 22, 1962, a complaint was filed in the justice court charging that on October 20, 1962, defendant had exhibited a firearm in a rude, angry and threatening manner, in violation of section 417 of the Penal Code, a misdemeanor. The ensuing trial on November 19, 1962, resulted in a hung jury.

On December 20, 1962, a complaint was filed in another justice court in the same county charging that on October 20, 1962, defendant did resist, delay or obstruct a public officer in the discharge or attempt to discharge a duty of his office, in violation of section 148 of the Penal Code, a misdemeanor.

A violation of section 148 is punishable by a fine not exceeding $1,000 or imprisonment in a county jail not ex-

ceeding *one year*, or both. Section 1425 of the Penal Code (prior to being amended in 1963) limited the jurisdiction of a justice court in criminal cases to misdemeanors punishable by fine not exceeding $1,000 or imprisonment not exceeding *six months*, or both. Hence, this second action was within the exclusive jurisdiction of the superior court.

On January 10, 1963 defendant's motion to dismiss the first action was granted on the ground that it had not been brought to trial within 30 days after the mistrial (Pen. Code, § 1382, subd. 3). The motion was not opposed.

A preliminary examination before the magistrate was held in the second action on January 24, 1963 and the defendant was held to answer. The only witness who testified at the hearing was the deputy sheriff. The information was filed in the superior court on January 25, 1963.

*Applicability of Penal Code section* 1387. This section provides as follows: "An order for the dismissal of the action, made as provided in this chapter [§§ 1381-1387], is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony."

Both offenses proscribed by sections 417 and 148 of the Penal Code are misdemeanors but each differs from the other. Anyone "who wilfully resists, delays, or obstructs any public officer, in the discharge or attempt to discharge any duty of his office," *in any manner or by any means*, thereby violates section 148.

Section 417 provides as follows: "Every person who, except in self-defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, or any other deadly weapon whatsoever, in a rude, angry or threatening manner, or who in any manner, unlawfully uses the same in any fight or quarrel is guilty of a misdemeanor."

While a violation of section 148 may involve the use of a firearm or other deadly weapon, it may also be committed without such use. On the other hand, to accomplish a violation of section 417, it is necessary to exhibit or use such a weapon.

As stated in *People* v. *Mitman*, 122 Cal.App.2d 490, 494 [265 P.2d 105], in which sections 647 and 288a of the Penal Code were considered: "[W]hile some of the evidence would have been admissible in either case, the necessary elements of the two offenses were considerably different. While section 1387 [Penal Code] provides that such a dismissal

is a bar to any other prosecution for the same offense, it does not forbid prosecution for a different offense merely because some of the acts and evidence might be involved in the other offense. It rather clearly appears that the Legislature never intended this statutory bar to apply under such circumstances as here appear.'' (See also *Ephraim* v. *Jamestown Judicial District Court*, 120 Cal.App.2d 741, 745 [262 P.2d 56].)

In our opinion the offense described in section 148 is not ''the same offense'' as that described in section 417, within the meaning and intent of section 1387.

*Effect of Penal Code section 1023.* This section provides as follows: ''When the defendant is convicted or *acquitted or has been once placed in jeopardy* upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, *or for an offense necessarily included therein*, of which he might have been convicted under that accusatory pleading.'' (Italics ours.)

Although this section refers to a situation where the prosecution for the greater offense is first in time, there is no such limitation in the cases. If the first prosecution is for the lesser included offense, a subsequent prosecution for the greater offense is barred. (*People* v. *Greer*, 30 Cal.2d 589, 597 [184 P.2d 512]; *Gomez* v. *Superior Court*, 50 Cal.2d 640, 648 [328 P.2d 976].)

As stated above, another prosecution for the same offense charged in the first action is barred by the provisions of section 1387. It therefore makes no difference, so far as the application of section 1023 is concerned herein, whether the defendant was in effect acquitted in that action or only had been once placed in jeopardy upon the accusatory pleading therein.

The question here is whether the offense charged in the first action is ''an offense necessarily included'' in the offense charged in the second action.

''The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.'' (*People* v. *Greer*, 30 Cal.2d 589, 596 [184 P.2d 512].)

In determining this question, we are guided by the following statement of Mr. Justice Schauer, in *People* v. *Marshall* (1957) 48 Cal.2d 394, 405 [309 P.2d 456]: ''Since the de-

cisions as to included offenses, so far as they relate to choice of a standard to measure what offenses are 'necessarily included' within the meaning of section 1159 of the Penal Code, have not expressly considered or decided the question of selection as between the language of the accusatory pleading and the statutory definition, we base our choice of the specific language of the accusatory pleading upon considerations of fairness to both parties.''

The specific language of the accusatory pleading (complaint) in the first action is that defendant had violated section 417 of the Penal Code ''in manner following, to wit: Said defendant did then and there wilfully and unlawfully in the presence of other persons, to wit, Sam Costa, draw and exhibit a firearm, to wit a rifle, in a rude, angry and threatening manner,...''

The accusation (information) in the second action is in the following language: ''Violation of section 148 of the Penal Code, to-wit, resisting an officer, in that on or about the 20th day of October, 1962, in the County of Mendocino, State of California, said defendant did then and there, wilfully and unlawfully resist, delay or obstruct a public officer, to-wit, Deputy Sheriff Sam Costa, in the discharge or attempt to discharge a duty of his office, to-wit, preventing said deputy sheriff in taking the said defendant into his custody after service of a warrant of arrest.''

The question then is whether, under the accusatory pleading in the second action, the offense as alleged therein could be committed without necessarily committing the offense as alleged in the accusatory pleading in the first action. (*People* v. *Greer, supra.*)

The answer to this question is in the affirmative. A defendant may ''resist, delay or obstruct'' the attempt of a deputy sheriff to take him into custody after the service of a warrant for his arrest without drawing or exhibiting ''a rifle in a rude, angry and threatening manner.''

The answer is the same if we view the matter more realistically, as suggested in *Gomez* v. *Superior Court,* 50 Cal.2d 640, 648 [328 P.2d 976].

The only testimony that we have before us is that of the deputy sheriff given at the preliminary examination. From this testimony, it is clear that the conduct of the defendant, after he was placed under arrest but before he obtained the rifle, constituted a violation of the resisting arrest section (148). As described by the deputy, when defendant was in-

formed that he was under arrest, he jumped out of the car and "took off" for his father's house; when the deputy followed him there, the defendant refused to come with the deputy and "started wanting to fight"; but it was not until the deputy returned with handcuffs that the defendant produced the rifle.

In the factual situation thus presented, it was not necessary for the trier of fact to find that the defendant had violated section 417 of the Penal Code in order to sustain a conviction of the charge as alleged under section 148 of the Penal Code.

We conclude that the provisions of section 1023 of the Penal Code do not bar the prosecution of the offense charged in the second action.

*Effect of Penal Code section 654.* This section provides in relevant part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one [of two penal statutes] bars a prosecution for *the same act* or omission under any other." (Italics ours.)

There has been no conviction or sentence in either action. We are concerned only with the effect of the dismissal of the first action if treated as an "acquittal." As so treated, a second prosecution for "the same act" would be barred.

Defendant urges that he was "prosecuted [in the first action] under Penal Code section 417 for exhibiting a firearm in a rude and angry manner" and that the "second prosecution is based on the same act." We do not agree.

The act upon which the first prosecution was based is but one incident in the entire conduct of defendant upon which the second prosecution is based. Much of what we have said above concerning the meaning of the term, "the same offense," is applicable to our consideration of the meaning of "the same act," as that term is used in section 654.

In our opinion the second prosecution is not based upon the same act within the meaning of section 654 and it is not barred by the provisions of that section.

The order setting aside the information and dismissing the action is reversed, and the matter is remanded to the superior court for such further proceedings as may be proper.

Shoemaker, P. J., and Taylor, J., concurred.