[Civ. No. 11029. Fourth Dist., Div. One. May 17, 1972.]

CHARLES GILMAN HENRY, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, and Alvin J. Korobkin, Deputy Attorney General, for Defendant and Appellant.

A. Lee Estep for Plaintiff and Respondent.

## OPINION

**WHELAN, J.**—Defendant Department of Motor Vehicles (DMV) appeals from a judgment of the superior court granting a writ of mandate directing DMV to set aside an order suspending the driving privilege of Charles Gilman Henry, plaintiff, for a period of one year under Vehicle Code section 13352, subdivision (b), which makes such suspension mandatory following a conviction of a violation of Vehicle Code section 23101.

A complaint was filed in the Municipal Court for the North County Judicial District of San Diego County, charging Henry with a violation of Vehicle Code section 23101 (driving under the influence of intoxicating liquor with injury to a person) and of Vehicle Code section 21801 (failing to yield the right-of-way by one intending to turn left).

The petition for writ of mandate alleged, and the return thereto admitted, that on May 20, 1970 Henry entered a plea of nolo contendere to the Vehicle Code section 23101 charge, the felony was stricken pursuant to Penal Code section 17, subdivision (b)(5), and the matter was treated as a misdemeanor.

An amended abstract of the judgment sent to DMV showed the entry of such plea and the action taken under Penal Code section 17, subdivision (b)(5).

It is Henry's theory that the mandatory provision of Vehicle Code section 13352, subdivision (b), may not operate upon the charge of violation of Vehicle Code section 23101 when at or before the preliminary examination the magistrate determines that the offense is a misdemeanor under Penal Code section 17, subdivision (b)(5).

He arrives at that conclusion because section 17, subdivision (b)(5), was added by the Legislature in 1969 and Vehicle Code section 13352 was last amended in 1963.[1]

Henry does not argue that had he entered his plea without such prior determination by the magistrate, and had judgment been pronounced in the superior court imposing a misdemeanor penalty, the provisions of Vehicle Code section 13352, subdivision (b), would not apply. He distinguishes between the two situations by saying that the conviction, except as permitted under Penal Code section 17, subdivision (b)(5), remains a felony unless and until a misdemeanor sentence might be imposed under Penal Code section 17, subdivision (b)(1).

---

[1]The section has now been amended effective as of May 3, 1972, without change so far as this case is concerned.

The last-mentioned provision has been a part of the law since the 19th century. So far as relevant, section 17, subdivision (b), now reads. "(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

"(1) After a judgment imposing a punishment other than imprisonment in the state prison.

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(5) When, at or before the preliminary examination and with the consent of the prosecuting attorney and defendant, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

Henry's contentions were accepted by the trial court, which as the basis for granting the writ made these written conclusions of law:

"1. The court finds that the provisions of Vehicle Code Section 13352B are not mandatory in all situations.

"2. The court finds that Vehicle Code Section 13352B does not apply when a plea of nolo contendere is made to Vehicle Code Section 23101, under the provisions of Penal Code Section 17.b.5.

"3. The court finds that the legislative intent of Penal Code Section 17.b.5 is to make an offense a misdemeanor for all purposes.

"4. The court finds that the Department of Motor Vehicles acted without authority in suspending the driving privileges of the petitioner under Vehicle Code Section 13352B, and that the recommendation of the trial court concerning the suspension of petitioner's driving privileges is binding on the Department of Motor Vehicles.

"5. The court finds that the disability of having a defendant's driving privileges suspended by the Department of Motor Vehicles is inconsistent with the provisions of Penal Code Section 17.b.5.

"6. The court finds that a plea of nolo contendere to Vehicle Code Section 23101, under the provisions of Penal Code 17.b.5 is tantamount to a plea of nolo contendere to Vehicle Code Section 23102(a).

"7. The court finds that the petitioner may suffer no disability as to the suspension of his driver's license for entering a plea of nolo contendere

to a violation of Vehicle Code Section 23101, under the provisions of Penal Code Section 17.b.5, as the provision of said penal section provides that the 'case shall proceed as if the defendant had been arraigned on a misdemeanor complaint.'"

We are of opinion the law does not permit that compassionate result.

Henry's position is that of straddling between two supposed supports: one that there is no mandatory suspension of a license under the Vehicle Code except for a conviction for which a felony penalty might be imposed; the other, that in his own case Henry entered his plea as a part of a plea bargain one of whose terms was that his license should not be suspended.

Henry argues, too, that the Legislature in adopting Penal Code section 17, subdivision (b)(5), must have been intended to wipe out all consequences that are attached to a crime defined as a felony if the magistrate should determine under section 17, subdivision (b)(5), in a specific instance that the crime charged is a misdemeanor.[2]

In our opinion, the enactment of the new subdivision of Penal Code section 17 had in view the unburdening of the superior courts from cases that were likely to result in no more than misdemeanor penalties, the consequent more expeditious handling of such cases, the encouragement of guilty pleas by defendants who could know in advance that no penalty could be imposed more severe than a jail sentence or a fine, and the consequent saving of time to municipal courts by the elimination of some preliminary hearings.

It is true that section 13352 provides the revocation or suspension shall be ordered upon receipt of a duly certified abstract of the record of any court showing that the person has been convicted. In other words, the statute does not require that judgment should have been pronounced or a sentence imposed if the record shows a conviction. (See 43 Ops. Cal.Atty.Gen. 305.)

In that sense and to that extent the record of conviction of violating section 23101, occurring without resort to Penal Code section 17, subdivision (b)(5), would show conviction of a felony until a misdemeanor sentence might be imposed. If, however, a misdemeanor sentence were

---

[2]The word felony is not found in Vehicle Code section 13352, subdivision (b). It now reads: "Upon a first such conviction or finding under Section 23101 or 23106 such privilege shall be suspended for one year and shall not be reinstated until such person gives proof of ability to respond in damages as defined in Section 16430." (Effective May 3, 1972.)

imposed and a record of that conviction showing such sentence were the record sent to DMV, there would in logic be no reason for DMV to differentiate in its treatment of such a record and the record of one who has pleaded nolo contendere to a charge of violation of the same section which the magistrate has determined to be a misdemeanor under Penal Code section 17, subdivision (b)(5).

■ In adopting Penal Code section 17, subdivision (b)(5), the Legislature intended to exclude any punishment greater than might be imposed for a misdemeanor. ■ That is not the basis for a valid argument that a conviction of violating Vehicle Code section 23101 after the charged offense had been declared a misdemeanor under Penal Code section 17, subdivision (b)(5), is removed from the operation of Vehicle Code section 13352, subdivision (b), since a suspension or revocation provided for by the Vehicle Code is not a penal sanction. (*Beamon* v. *Dept. of Motor Vehicles*, 180 Cal.App.2d 200, 210 [4 Cal.Rptr. 396].) It follows that the propriety of a suspension or revocation is not calibrated with reference to the character of the criminal penalty that might be imposed.

■ A conviction of an offense for which a felony penalty might be meted out is not a prerequisite of a mandatory suspension or revocation under the Vehicle Code.

Section 13352 itself makes mandatory a suspension for a second or subsequent conviction for violation of section 23102, although such second or subsequent convictions continue to be misdemeanors despite aggravated penalties therefor.

Until May 3, 1972, section 13355 made mandatory a revocation of the license of any person who had been found by a juvenile court judge to have committed the offense of operating a motor vehicle while under the influence of intoxicating liquor.

Vehicle Code section 13353 declares there will be a six months' suspension of a license if the driver refuses to take one of the specified tests and the conditions exist under which a test is required. It is possible the same driver, if he took the test, might never be prosecuted for driving while intoxicated or if prosecuted might not be convicted.

It should be noted also that apart from the provisions of section 13352, subdivision (b), DMV has authority under section 13800 et seq., after a hearing, to suspend or revoke the license of any licensee involved as a driver in any accident causing personal injury.

Former Vehicle Code section 13354, repealed in 1961, conferred a like authority with regard to a person convicted of driving while under the

influence of intoxicating liquor. That authority might be exercised not-withstanding the court that found the licensee guilty had recommended against suspension of the license under section 13352. (*Hough* v. *McCarthy,* 54 Cal.2d 273 [5 Cal.Rptr. 668, 353 P.2d 276].)

Clearly, therefore, the Legislature in providing for license suspensions did not intend such suspensions to have a proportioned relation to penal sanctions.

The right of DMV to proceed under section 13800 could not be affected by any plea bargain.

It does not follow, as suggested by Henry's arguments, that section 17, subdivision (b)(5), has been, could be, or was intended to be, used only in the case of a plea bargain.

In consequence, it cannot be said, although it might have been the case, that Henry entered his nolo contendere plea as the result of a plea bargain; and if it was so the terms of the plea bargain are unknown to us. In saying so we do not imply that the superior court is a forum to give specific performance of such a bargain made in a lower court, or that specific performance could be decreed against DMV.[3]

The record before the trial court was that of one who had admitted the truth of the facts alleged in the charge of a violation of section 23101. Henry might, perhaps, have been permitted to plead to an included offense, a violation of section 23102. There might have been filed a new complaint charging only a violation of section 23102, to which he might have entered his plea. Neither of those things was done.

To say that because one or the other might have been done it was done is to belie the record that the conviction was of a violation of section 23101, an offense involving injury to a person. Section 23102 does not cover that situation.

The judgment is reversed with directions to enter judgment denying the petition for writ of mandate.

Brown (Gerald), P. J., and Cologne, J., concurred.

---

[3]The trial court speculated that there had been a plea bargain, one of whose terms was that Henry should not suffer a suspension of his driver's license. The Attorney General has suggested that if such were the case Henry's road to relief would be by motion to set aside the plea in the court that was a witness or party to the bargain.