[Civ. No. 38994. Second Dist., Div. Five. Sept. 25, 1972.]

GERADO VIZCARRA, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE GLENDALE JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Richard S. Buckley, Public Defender, James L. McCormick, W. Alan Bidwell and Dennis A. Fischer, Deputy Public Defenders, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Joseph P. Busch, District Attorney, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Real Party in Interest and Respondent.

## OPINION

**STEPHENS, J.**—Defendant appeals from the denial of a petition for writ of prohibition to preclude his prosecution for an alleged misdemeanor violation of Penal Code section 148. The instant action was brought after dismissal by the district attorney of a criminal action against defendant for felony violation of Health and Safety Code section 11530, and both actions arose out of closely related events which occurred on August 6, 1970.

On August 6, 1970, defendant was stopped by Glendale Police Officer Jones for driving a motorcycle with no license plate. Under authority of Vehicle Code section 40302, subdivision (a),[1] defendant was taken into custody when he was unable to produce a driver's license or other evidence of identification satisfactory to the officer. At the police station, defendant was subjected to a concededly illegal booking search,[2] and Jones discovered a marijuana cigarette under a flap in defendant's wallet. Defendant grabbed the cigarette from Jones' hand, ran down a hall, and devoured the contraband before he was again restrained by the officer. A second marijuana cigarette was also found in the wallet, and defendant was charged by complaint with illegal possession of marijuana (Health & Saf. Code, § 11530). Following a preliminary hearing, defendant was held to answer, and a felony information charging him with that offense was filed against him. After an adverse ruling on a Penal Code section 995 motion, defendant filed a petition for writ of prohibition (Pen. Code, § 999a), and an alternative writ issued commanding the superior court to desist from further proceedings except to dismiss the action or to show cause why a peremptory writ should not issue. In response to the alternative writ, the People moved to dismiss the action, and this motion was granted. Thereafter, the People filed a misdemeanor complaint in Glendale Municipal Court charging defendant with a violation of Penal Code section 148 (wilfully and unlawfully resisting, delaying, and obstructing Jones in the discharge of his duty of arresting defendant for violation of Health & Saf. Code, § 11530). Defendant was arrested, arraigned and released on his own recognizance.

---

[1]Vehicle Code section 40302: "Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases: (a) When the person arrested fails to present his driver's license or other satisfactory evidence of his identity for examination."

[2]*People* v. *Miller*, 7 Cal.3d 219 [101 Cal.Rptr. 860, 496 P.2d 1228]; *People* v. *Superior Court (Simon)*, 7 Cal.3d 186 [101 Cal.Rptr. 837, 496 P.2d 1205]; *Agar* v. *Superior Court*, 21 Cal.App.3d 24 [98 Cal.Rptr. 148].

Defendant pleaded not guilty, and his motion for dismissal of the complaint was denied. Defendant stipulated that his Penal Code section 1538.5 motion be considered on the preliminary hearing transcript of the felony matter, and that if the motion to suppress were denied, the guilt or innocence of defendant be determined on that record plus any additional evidence which the parties desired to produce. Prior to the section 1538.5 hearing, defendant filed a petition for writ of prohibition in the superior court, and an alternative writ issued. The People's motion that the alternative writ be modified to permit the filing of an amended complaint in the municipal court was granted. Over defendant's objection, an amended complaint was filed, the amendment providing that the officer's duty was "the retention of contraband in his possession." The alternative writ which had issued in the superior court was then discharged, and the peremptory writ was denied. Defendant's petition for stay of proceedings was denied, and this appeal is from the denial of the peremptory writ.

■ Defendant's prime contention, as stated in his brief is: "The District Attorney is barred by Penal Code sections 654[3] and 954,[4] as interpreted by the doctrine of *Kellett* v. *Superior Court* [63 Cal.2d 822 (48 Cal.Rptr. 366, 409 P.2d 206)] from subjecting [defendant] to successive prosecution for violation of Penal Code section 148 after his previous prosecution for violation of Health and Safety Code section 11530, arising out of the same factual incident and circumstances, was dismissed by the court at the District Attorney's request."

Defendant contends that the district attorney's dismissal of the information charging the section 11530 violation was tantamount to an acquittal. The statutory language that it is "an acquittal or conviction and sentence" that bars a subsequent prosecution (Pen. Code, § 654) clearly indicates that the bar is one founded on a type of jeopardy-prohibition short of actual double jeopardy. In the words of *Kellett* v. *Superior Court*,

---

[3]Penal Code section 654: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. . . ."

[4]Penal Code section 954: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated. The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court; . . . An acquittal of one or more counts shall not be deemed an acquittal of any other count."

*supra* (at p. 827), "If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must be regarded as being too interrelated to permit their being prosecuted successively. When there is a course of conduct involving several physical acts, the actor's intent or objective and the number of victims involved, which are crucial in determining the permissible punishment, may be immaterial when successive prosecutions are attempted. ■ When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." By footnote to this quote, the court disapproved of *People* v. *Wilson,* 224 Cal.App.2d 738 [37 Cal.Rptr. 42] to the extent that *Wilson* was inconsistent with this conclusion. ■ Defendant, however, relies upon *Wilson* to support his contention that the dismissal should be viewed as an acquittal. Defendant misreads *Wilson,* for in that case it was a misdemeanor charge which was initially dismissed, not a felony charge. That court necessarily applied Penal Code section 1387: "An order for the dismissal of the action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, *but not if it is a felony.*" (Italics added.) We therefore conclude that, in the case of the dismissal of the felony count charging a violation of Health and Safety Code section 11530, refiling the count is not prohibited by statute. It is not contended that the section 148 charge is included within the section 11530 charge, but rather, that the facts giving rise to each were relatively as of the same time and were known at all times by the prosecution, which facts, it is urged, justify the application of a bar to further and repetitive prosecution. We do not agree.

Defendant argues: "[Therefore,] the crucial question becomes whether joinder was compulsory in the instant case. We submit there can be no doubt on this score, and we are unaware that the People would contend otherwise. An exhibit before the superior court demonstrated that the police prepared a complete report of the incidents at the booking cage, reflecting both [defendant's] alleged possession of marijuana and alleged interference with the officer's search of his person. These events were repeated in the officer's testimony at [defendant's] preliminary examination. They were recited again in the memorandum attached to the district attorney's recommendation to dismiss the felony prosecution. *Yet nowhere did the district attorney seek to amend the complaint, and later information, alleging violation of Health and Safety Code section 11530, to add a violation of*

*Penal Code section 148, even though he had ample opportunity to do so."* (Italics added.) As the emphasized portion of this argument impliedly concedes, the prosecution could have sought permission to amend the felony information, just as it did the misdemeanor complaint, then, following the amendment, dismiss the felony charge. In such case, the superior court would have very likely followed the procedure approved in *Gomez* v. *Superior Court,* 50 Cal.2d 640 [328 P.2d 976], wherein the court directed further proceedings upon the remaining misdemeanor charge to be tried in the lower court rather than the superior court in which the defendants had been found not guilty on the felony charge. (See also, *People* v. *Clark,* 17 Cal.App.3d 890, 895 [95 Cal.Rptr. 411].) We conceive of no prejudice to defendant by the direct route taken by the prosecution, rather than the circuitous one intimated in defendant's argument.[5]

We have not dealt with other of the many cases cited by defendant because those cases revolve around defendant's misconceived application of *Kellett,* which, as we have shown, has no application where there has been no attachment of the statutory jeopardy established by Penal Code section 654.

The order of denial of the peremptory writ of prohibition is affirmed.

Kaus, P. J., and Aiso, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 22, 1972.

---

[5]By this opinion, we do not rule out the application for a writ of prohibition if in fact intentional harassment may be established. No such fact is established here.