UNITED STATES of America, Plaintiff-Appellee,

v.

Walter T. BEST, Defendant-Appellant.

Cr. No. S77–164.

United States District Court, E. D. California.

July 29, 1977.

Harry E. Hull, Jr., Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Robert M. Holley, Asst. Federal Defender, Sacramento, Cal., for defendant-appellant.

MEMORANDUM AND ORDER

HALBERT, District Judge.

Appellant was charged with operating a motor vehicle on McClellan Air Force Base (a federal enclave in the State of California) while under the influence of alcohol in violation of California Vehicle Code § 23102(a), a statute among those assimilated into Federal Law by Title 18 U.S.C.,

§ 13. He entered a plea of guilty to this charge and the Magistrate sentenced him to serve a term of ten days in jail and pay a fine of $350.00. The Magistrate further ordered that, pursuant to California Vehicle Code § 13201.5(a), appellant's driver's license be suspended for six months.

Appellant contends that the Magistrate is without power to suspend his driver's license and therefore that portion of the judgment is an illegal sentence. Accordingly, he filed a timely formal motion under Rule 35 of the Federal Rules of Criminal Procedure to correct the sentence. The Magistrate denied appellant's motion and the instant appeal resulted.

Title 18 U.S.C., § 13, commonly referred to as the Assimilative Crimes Act, provides:

"Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

It is the position of appellant that California Vehicle Code § 13201.5(a), which allows a *Court* to suspend a driver's license, was not assimilated into the federal law for the reason that the suspension of a driver's license is not "punishment" within the meaning of the last word of § 13 of Title 18, U.S.C. *supra*. This appeal hinges on this one point. The Court is of the view that appellant's position is untenable.

■ This appears to be a case of first impression. No authority squarely in point has been cited by either party and none has been found by the Court. Such being the case, the issue here must be resolved by

logic and reason under the general law applicable.

The purpose behind the Assimilative Crimes Act (Title 18, U.S.C., § 13) is determinative of this appeal. The Supreme Court of the United States has given us guidance clearly articulating the purposes of this statute in *U. S. v. Press Publishing Co.*, 219 U.S. 1, 31 S.Ct. 212, at page 214, 55 L.Ed. 65, where it states:

" . . . Congress, in adopting it [the Act], sedulously considered the two-fold character of our constitutional government, and had in view the enlightened purpose, so far as the punishment of crime was concerned, to interfere as little as might be with the authority of the states on that subject over all territory situated within their exterior boundaries, and which hence would be subject to exclusive state jurisdiction but for the existence of a United States reservation. In accomplishing these purposes it is apparent that the statute, instead of fixing by its own terms the punishment for crimes committed on such reservations which were not previously provided for by a law of the United States, adopted and wrote in the state law, with the single difference that the offense, although punished as an offense against the United States, was nevertheless punishable only *in the way and to the extent that it would have been punishable if the territory embraced by the reservation remained subject to the jurisdiction of the state.*" (Emphasis added).

Clearly, the purposes of the Assimilative Crimes Act would be thwarted if it were held that a state court under Vehicle Code § 13201.5(a) has the power to suspend the appellant's driver's license, but the Magistrate does not have the same power.

■ Appellant relies on three authorities to sustain his position. Two are California cases, *Beamon v. Dept. of Motor Vehicles,*[1] 180 Cal.App.2d 200, 4 Cal.Rptr. 396, and

---

1. It is worthy of note that the Court in this case carefully limited the scope of the decision, stating at page 205, 4 Cal.Rptr. at page 400: "We are not concerned with the provisions which make it mandatory on the department to suspend or revoke the privilege of any person to operate a motor vehicle upon the highway on receipt of a record showing he has been convicted of certain public offenses."

*Henry v. Dept. of Motor Vehicles,* 25 Cal. App.3d 649, 102 Cal.Rptr. 36, and the third is 60 C.J.S. Motor Vehicles § 164.5. None of these authorities are persuasive. They all deal with issues foreign to this appeal and while some suggest that suspension of a driver's license is not punishment,[2] none of these authorities address this issue in the context of the Federal Assimilative Crimes Act. The instant appeal must be decided within the spirit of the purpose of the Act as stated by the Supreme Court in *United States v. Press Publishing Co., supra.* Hence, this Court rejects the narrow construction of the word "punishment" urged on this Court by appellant. Rather, this Court adopts the definition of punishment set forth in Black's *Law Dictionary* as follows:

> "Any pain, penalty, suffering, or confinement inflicted upon a person by the authority of the law and the judgment and sentence of a Court, for some crime or offense committed by him, or his omission of duty enjoined by law."

In conclusion, the Court is of the view that if suspension of a driver's license were not punishment, appellant would not be pursuing this appeal. The Courts of the United States have the same powers as the Courts of a state whose crimes have been assimilated into the Federal law. This includes the right of the Magistrate to suspend a driver's license under the provisions of California Vehicle Code § 13201.5(a) when a defendant is convicted of a violation of California Vehicle Code § 23102(a). Accordingly, the Magistrate's judgment in this case must be affirmed.

IT IS SO ORDERED.

---

**2.** Here it should be noted that there are cases cited in the Corpus Juris Secundum footnotes which do hold that suspension of a driver's license does in fact constitute punishment.