[Crim. No. 16961. First Dist., Div. Two. May 1, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
CLYDE WASHINGTON, Defendant and Appellant.

## COUNSEL

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Kristofer Jorstad, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TAYLOR, P. J.**—Appellant pled guilty to attempted burglary (Pen. Code, §§ 665, 459). The court sentenced appellant to state prison, suspended execution of sentence and placed him on probation. As a condition of probation appellant was ordered to serve nine months county jail time. Appellant actually served 180 days of the required jail time before his early release.

Subsequent to release, appellant was again arrested and held to answer on a new charge of vehicular burglary (Pen. Code, § 459). He spent approximately a month in custody awaiting trial on that charge before formal notice was taken of his probationary status. A motion to revoke probation was then filed; another three weeks elapsed (appellant all the while in custody) before the hearing at which appellant's probation was revoked and he was committed to state prison. The court also declined to institute Welfare and Institutions Code section 3051 proceedings, since it did not appear that appellant was a narcotics addict or, alternatively, that appellant exhibited the characteristic of "excessive criminality" and was thus unsuitable for section 3051 commitment. The court, pursuant to Penal Code section 2900.5, did grant appellant credit on his prison sentence for the 180 days spent in county jail as a condition of probation, but declined to grant further credit for the time spent in custody awaiting disposition of the new charge, an additional period of approximately 2 months. The district attorney subsequently obtained a dismissal of the new burglary charge.

 Appellant first contends that the trial court erred in refusing to institute Welfare and Institutions Code section 3051 proceedings so that appellant might obtain evaluation and treatment of his alleged heroin

addiction. We note that the judge had before him a probation report which contained, among other things, appellant's rather extensive arrest and conviction record, as well as prior statements by appellant regarding his drug problem. Appellant testified at the revocation hearing; further information was there adduced regarding the alleged narcotics addiction. Thus, contrary to appellant's assertion, the trial judge did not make his decision in a vacuum; rather, appellant was found by the judge simply not to come within the language of section 3051, i.e., it did not appear that appellant was either an addict or in danger of becoming one. The judge might also quite reasonably have concluded from appellant's extensive felony record that he manifested "excessive criminality" and would thus not be a suitable candidate for section 3051 commitment. (*People* v. *Flores* (1971) 6 Cal.3d 305, 310 [98 Cal.Rptr. 822, 491 P.2d 406]; *People* v. *Sateriale* (1966) 247 Cal.App.2d 314, 315-317 [55 Cal.Rptr. 500].) We note in passing that appellant can, if he wishes, obtain treatment of his drug addiction, if it exists, within prison. There was no abuse of discretion.

■ Appellant's other contention, regarding the amount of credit to be granted for time spent in custody awaiting disposition of the new charges, is meritorious. Penal Code section 2900.5 as amended in 1976 reads, in part:

"(a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including but not limited to any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, or similar institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, shall be credited upon his sentence, or credited to any fine which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence. If the total number of days in custody exceeds the number of days of the sentence to be imposed, the entire sentence shall be deemed to have been served. In any case where the court has imposed both a prison or jail sentence and a fine, any days to be credited to the defendant shall first be applied to the sentence imposed, and thereafter such remaining days, if any, shall be applied to the fine.

"(b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

The statute does not deal specifically with the situation existing in this case. The Attorney General relies on a literal reading of the statute, insisting that the time spent in custody prior to probation revocation was not attributable to proceedings related to the same conduct for which appellant has been *convicted,* i.e., the original attempted burglary for which the prison sentence was imposed.

We believe that such a rigid interpretation places an unfair and unnecessary burden on the particular defendant who, unable to obtain prehearing release on bail or on his own recognizance, is obliged to remain in jail for an indefinite period, until the time when someone takes notice of his probationary status, institutes revocation proceedings, and pursues the motion to a successful (from his point of view) conclusion. This seems the more true in light of the fact that the district attorney often is satisfied with the more expedient, although quite proper, measure of revoking probation granted for an earlier offense, thus insuring defendant's imprisonment without the trouble of a trial.

In holding that appellant is entitled to credit on his present prison sentence for all time spent in custody between the time of his arrest on the new charge and the revocation of the probation granted on the prior offense, we refer to cases which have dealt with Penal Code section 2900.5 in other contexts.

*In re Miller* (1974) 41 Cal.App.3d 1046 [116 Cal.Rptr. 624] interpreted Penal Code section 2900.5, subdivision (b), to require merely that time spent in custody be "reasonably related" to the criminal act for which defendant was serving time, and not to "*wholly* unrelated" proceedings. It can be said with some ease that once the motion to revoke probation was filed, the subsequent three weeks in custody were not "wholly unrelated" to the 1975 conviction for which probation was originally granted. (*Id.,* at p. 1049.) In *In re Jordan* (1975) 50 Cal.App.3d 155 [123 Cal.Rptr. 268], defendant's offense had dual status, as a state and federal offense. Here, appellant's vehicular burglary constituted both a new offense and a violation of the probation originally granted. The dual status of the act may be said to provide the required "reasonable relationship" which would permit presentence credit. (*Id.,* at pp. 157-158.) The same situation was presented in *People* v. *Ayala* (1973) 34 Cal.App.3d 360, 363 [109 Cal.Rptr. 193]. We see no reason why there should be a different result simply because the offense was not initially characterized as a probation violation, since it was ultimately disposed of on such a basis. (See

generally *In re Watson* (1977) 19 Cal.3d 646, 651 [139 Cal.Rptr. 609, 566 P.2d 243].)

We note that a similar result was obtained in the recent case of *People* v. *Sandoval* (1977) 70 Cal.App.3d 73 [138 Cal.Rptr. 609], wherein the court granted appellant credit for time served in custody awaiting the probation revocation hearing which ultimately resulted in a commitment to the Youth Authority. (*Id.,* at pp. 87-91.)

█ We find appellant's contention that he should, additionally, be granted credit for time which he did *not* serve on the original county jail sentence due to early release to be entirely without merit.

The order revoking probation is affirmed. The case is remanded to the trial court for recomputation of the presentence time to be granted to appellant for the period spent in custody after his arrest and prior to the revocation of his probation and commitment to state prison.

Kane, J., and Rouse, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 28, 1978.