[Crim. No. 32982. Second Dist., Div. Four. June 27, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS LEE GALLOWAY, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Jonathan B. Steiner and Nancy Ann Stoner, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Owen Lee Kwong, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FILES, P. J.—This is an appeal from a state prison sentence imposed May 9, 1978, in case A 320004 for lewd conduct in violation of Penal Code section 288. The issues involve only the amount of credit to which defendant was entitled by reason of his prior confinement attributable to this offense.

On May 10, 1976, following defendant's plea of guilty to this offense, he was placed on probation for five years upon the condition, among others, that he serve eight months in the county jail. Since he had already been in custody 267 days he was credited with time served pursuant to Penal Code section 2900.5 and released.

On December 11, 1977, he was arrested in connection with new offenses, for which an information was filed under No. A 613148. The probation in A 320004 was preliminarily revoked. He was eventually convicted in case No. A 613148, of discharging a firearm at an inhabited dwelling (Pen. Code, § 246).

On May 9, 1978, probation in No. A 320004 was formally revoked and he was sentenced to state prison. Pursuant to section 2900.5,[1] he was credited with 9 months for time served prior to the order granting probation, but he was not given credit on this sentence for the 155 days he had spent in custody after his December 11, 1977, arrest on the new charges. In A 613148 he was sentenced to 1 year in the county jail for having violated Penal Code section 246 and given credit for the 155 days served prior to sentencing. The two sentences were ordered to be served concurrently in state prison.

---

[1]All section numbers will refer to the Penal Code.

He has appealed in A 320004 contending (1) that the trial court failed to include the 155 days in the credit allowed under section 2900.5, and (2) he is also entitled to work time/good time credit of 140 days on his prison term for the 422 days he spent in presentence custody.

I   *Time in custody after arrest for new offense.*

The record establishes that the defendant's conduct which brought about his arrest for the firearm offense also constituted a violation of the probation granted for the earlier offense, and was relied upon as a reason for revoking that probation. Thus defendant's incarceration on and after December 11, 1977, had some connection with both offenses.

Section 2900.5, subdivision (b), provides: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." The issue is whether the custody on and after December 11, 1977, is "attributable to proceedings related to the same conduct for which the defendant has been convicted," i.e., the 1976 conviction. Under similar circumstances *People* v. *Washington* (1978) 80 Cal.App.3d 568, 572 [145 Cal.Rptr. 654], held that the confinement following the arrest for the second offense was so attributable, and ordered that credit against the sentence on the first offense be given for time in jail following the arrest for the second offense.

There is one procedural difference between the present case and *Washington.* In *Washington*, the second charge was dismissed after the defendant had been sentenced to prison for the earlier offense. Here defendant was convicted of the second offense and sentenced to a term of one year less credit for time in custody starting December 11, 1977. Inasmuch as this term was made concurrent with the prison term for the earlier offense, the effect on defendant's actual time in custody will be the same as though the second charge had been dismissed, as in *Washington.* Under these circumstances we see no reason not to apply the rationale of the *Washington* decision.

This decision is consistent with *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789], holding that a defendant who had spent time in a county jail awaiting trial on a second offense was not

entitled to credit for that time against his term on the second offense because during those proceedings he was serving a term for an earlier offense. In the present case the defendant was not serving a term for any offense during the period of December 11, 1977, to May 9, 1978, for which he is claiming credit. Therefore *Rojas* does not preclude an allowance of credit for that period.

■ The purpose of section 2900.5 is to equalize the total time in custody as between a person who goes free on bail prior to sentence and one who is confined while awaiting trial and sentence. The only way that purpose can be accomplished in this case is to credit the presentence time against the sentence for the 1976 offense. Defendant is entitled to 155 days credit for his incarceration starting December 11, 1977, in addition to credit for the 267 days he was in custody prior to May 10, 1976, for a total of 422 days.

II *Work time/good time credit on the prison term.*

Defendant also contends that he is entitled to additional credits for behavior during the period of his presentence custody. ■ The Supreme Court has now decided that behavior credits may be earned during such custody. (*People v. Sage* (1980) 26 Cal.3d 498 [162 Cal.Rptr. 450, 611 P.2d 874].) The *Sage* opinion explains: "It is unnecessary, however, to remand this defendant and others who have already been sentenced for new sentencing proceedings to determine the additional credit to which they may be entitled. The Department of Corrections should make available to such prisoners an administrative procedure by which to ascertain their entitlement to conduct credit." (P. 509)

The judgment is modified to provide that defendant is given credit for 422 days of actual custody prior to sentence. As so modified, the judgment is affirmed without prejudice to an administrative award of behavior credits based upon presentence custody.

Kingsley, J., and Hogoboom, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.