Filed 9/28/15  P. v. Askew CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN L. ASKEW,<br><br>    Defendant and Appellant. | B257800<br><br>(Los Angeles County<br>Super. Ct. Nos. MA039230,<br>MA057456) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles A. Chung, Judge.  Remanded.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found defendant Jonathan Lamar Askew guilty of grand theft (Pen. Code, § 487, subd. (c))[1] as a lesser included offense of second degree robbery in case No. MA057456. After granting defendant's *Romero* motion,[2] the trial court sentenced him to eight months in state prison (one-third the midterm) to run consecutively to a 21-year sentence imposed in an earlier case, case No. MA039230, in which defendant had entered a "no contest" plea and been granted probation.

Defendant appeals on the grounds that the trial court breached his plea agreement in case No. MA039230 when it denied his request to award him the presentence custody credits that induced him to take the plea.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

On August 21, 2007, an information was filed against defendant, charging him with two counts of assault with a deadly weapon (a knife) in violation of section 245, subdivision (a)(1). The information alleged with respect to both counts that defendant had caused great bodily injury within the meaning of section 12022.7, subdivision (a) and that he committed the offenses for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C). The information also stated that both crimes were serious felonies under section 1192.7, subdivision (c).

On May 23, 2008, with respect to both counts, defendant withdrew his not guilty pleas, pleaded nolo contendere, and admitted the great bodily injury and gang allegations. Defendant was advised that he was entitled to presentence credits of 15 percent under section 2933.1. Execution of defendant's 21-year sentence was suspended, and he was placed on formal probation for a period of five years. The prosecutor made clear that, although defendant was being asked to "waive his back time" so that he could be sentenced to an additional year in county jail as a condition of probation, the state was

---

[1]    All further references to statutes are to the Penal Code unless stated otherwise.

[2]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[3]    The details of defendant's criminal acts are not relevant to this appeal.

not demanding he waive that time for all purposes. If defendant were ultimately sent to prison for the 21-year term imposed, he would get credit for all of the time he had accumulated in addition to the good time/work time credits to which he was entitled. Defendant was merely asked to waive the credits for purposes of getting sentenced to an additional year in county jail. The trial court reiterated the prosecutor's offer on the custody credits for defendant. The court explained it would sentence defendant "to a fresh 365 days in county jail" with no credits, but the credits would not be waived forever. Defendant "would, of course, accumulate credits as [he] serve[d] [his] sentence." The court added that the sheriff's policies often changed, and defendant "obviously" would not serve the full 365 days in jail. The court granted defendant 313 actual days and 46 good time/work time credits (at 15 percent) for a total of 359 credits that were waived for purposes of the disposition. (§ 2933.1, subd. (c).)

On August 9, 2012, the court revoked defendant's probation. The district attorney alleged defendant had committed the crime of robbery in violation of section 211. After a jury trial, defendant was convicted of grand theft as a lesser included offense of robbery in case No. MA057456.

On July 21, 2014, the court sentenced defendant on his new conviction after granting his *Romero* motion. The court imposed a total of 21 years and eight months in state prison, which included execution of his agreed-upon sentence in the prior case and eight months for the current case. Defendant was given total credits of 997 days. The court granted him "343 in the past" plus 524, for a total of 867 custody days. The court added 15 percent good time/work time credits at 15 percent for 130 additional days.

Defendant's appellate counsel filed an ex parte motion in superior court to correct his presentence custody credits and the abstract of judgment, requesting a total of 1,548 days of credits. The motion requested the 359 days that defendant waived at the taking of his 2008 plea, 365 days for his jail time, and 824 days for his most recent case. The court denied the request for additional credits, stating that the 359 days were credited toward the original 365-day jail sentence, and defendant was not entitled to 365 days plus an additional 359 days.

**DISCUSSION**

## I.  Defendant's Argument

Defendant contends he was denied the correct number of actual custody days when he was sentenced for both of his cases.  In denying his postsentence motion on February 27, 2015, the superior court breached the plea agreement that induced his plea in case No. MA039230.  According to defendant, the total number of credit days to which he is entitled is 1,548.  This consists of 724 days in the first case, No. MA039230, and 824 days in case No. MA057456.  He was awarded only 997 days in both cases and therefore is entitled to 551 additional days.

## II.  Relevant Authority

A sentence that fails to award legally mandated presentence custody credit is unauthorized and may be corrected when discovered.  (*People v. Taylor*  (2004) 119 Cal.App.4th 628, 647; see also *People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 8 ["The failure to award an adequate amount of credits is a jurisdictional error which may be raised at any time."].)

"A defendant is entitled to credit for the date of his arrest and the date of sentencing."  (*People v. Morgain* (2009) 177 Cal.App.4th 454, 469; see also *People v. Browning* (1991) 233 Cal.App.3d 1410, 1412 [day of sentencing counted for presentence custody credits even though it was only partial day].)

## III.  Remand Required

We believe the trial court was partially correct in its calculation of credits, and it is likely defendant is also partially correct, but the record is insufficient to make a definitive determination.

Beginning with defendant's first case, MA039230, the record is clear that the sentencing court obtained defendant's waiver of credits in order to impose a "fresh" 365-day sentence in county jail.  Given that this condition was repeated several times during the sentencing hearing, we believe it unlikely that defendant's accumulated custody credits were applied against his jail time in defiance of the court's sentence.  Assuming they were not, we agree with defendant that the agreement called for his credits to be

4

applied to his sentence in the event he violated probation. Therefore, he would be entitled to 313 actual days and 46 good time/work time days for a total of 359 days of credits to be applied against his current sentence of 21 years and eight months.

Complicating the issue of the application of these 359 credit days, however, is the fact that there is no indication of how many days of the 365-day sentence were actually served by defendant after his May 23, 2008 no contest plea. It is unclear what the trial court meant by saying that defendant had earned 343 days "in the past." If the 359 total days he earned prior to his plea were applied to his jail term, he served very few days, if any. Even if they were not applied, there is no indication in the record regarding how many days he did spend in jail. As the trial court indicated, the policies changed from time to time, and he may have been released in less than 365 days. We do not believe, as defendant asserts in his reply brief, that he is entitled to the full 365 days merely because that was the term to which he was sentenced. Although defendant's term may be referred to as "365 days," the issue is not what he was sentenced to, but rather how many days of credit he is entitled to. Defendant cannot receive actual custody credit for time that he did not serve in custody. (*People v. Washington* (1978) 80 Cal.App.3d 568, 573 [court concluded "appellant's contention that he should, additionally, be granted credit for time which he did *not* serve on the original county jail sentence due to early release to be entirely without merit"].) Therefore, we must remand so that the sentencing court can determine the number of days defendant spent in jail and whether any of the waived credit days ended up being applied to the jail sentence despite the terms of the plea agreement.

Finally, we believe respondent is correct that, although defendant was arrested for the robbery on August 4, 2012, he was not held in custody from that date. Despite defendant's claim that it is "unlikely to the point of absurdity that [he] would have been released from custody with a twenty-one-year suspended sentence hanging over his head along with two new felony charges," it appears defendant did indeed post bail. The record contains a probation officer's report dated August 7, 2012, informing the court of probationer's arrest and stating that "the probationer posted bail before the probation

5

officer received notice of the arrest." According to a probation report dated March 12, 2013, defendant was arrested in case No. MA057456 on February 15, 2013. Using this date, the trial court's calculation of 524 actual days is correct, although one more day should be added for the partial day of defendant's first arrest on August 4, 2012. (See *In re Jackson* (1986) 182 Cal.App.3d 439, 442-443 [the law views a fraction of a day as a full day].) The court must add good time/work time credits of 15 percent to the total number of actual presentence custody days in case No. MA057456.

Given the gaps in the record, we remand the matter to the trial court with directions to (1) determine whether, in case No. MA039230, any of defendant's 359 total credit days (custody credits and good time/work time credits) were applied to defendant's jail sentence despite defendant's waiver in the plea agreement approved by the court; (2) determine the number of days defendant served in county jail after his May 23, 2008 plea, if any; (3) calculate the total number of credit days to which defendant is entitled in case No. MA039230, which should include his preplea custody and conduct credits totaling 359 days if they have not already been applied, as well as the number of credit days he earned in county jail and any good time/work time attributable to that term; (4) verify defendant's arrest date and recalculate his credits in case No. MA057456. At each step, the superior court is directed to make clear findings as to the basis for its calculation of credits in order to facilitate review.

**DISPOSITION**

The matter is remanded to the superior court for recomputation of defendant's total credits, including those earned prior to his no contest plea agreement, those earned in county jail as a term of his probation, and those earned for the days spent in custody from the date of his arrest on the robbery charge to the date of sentencing to state prison, including partial days.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

7