[Crim. No. 27514. Second Dist., Div. Two. Dec. 15, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
FRED LESLIE WILLIAMS, Defendant and Appellant.

**COUNSEL**

Walter L. Gordon, Jr., for Defendant and Appellant.

John K. Van de Kamp, District Attorney, John E. Howard, Acting District Attorney, Harry B. Sondheim and Barry L. Levy, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—We accepted certification of this cause from the Superior Court of Los Angeles County to settle and secure uniformity of decision (Cal. Rules of Court, rules 62, 63) on the question of whether a person sentenced on a misdemeanor conviction is entitled under Penal Code section 2900.6 to receive credit for time served as a condition of probation when probation is thereafter revoked and he is sentenced to a jail term.

Appellant Fred L. Williams was on July 19, 1972, convicted of a violation of Penal Code section 192, subdivision 3(a)[1] (manslaughter) in the South Gate Municipal Court. On August 16, 1972, he was sentenced. to serve 365 days in the county jail; sentence was suspended and appellant was placed on formal probation for three years on condition that he serve 180 days in the county jail.

---

[1]Unless otherwise stated all further statutory references are to the Penal Code.

Appellant served the 180 days and was released. On April 7, 1975, appellant was found to be in violation of probation and was sentenced to serve one year in the county jail and the court refused to allow credit for the 180 days previously served. The appellate department of the superior court affirmed the judgment.

Resolution of the issue stated rests in part upon the legislative history of sections 2900.5 and 2900.6 of the Penal Code. In relevant part section 2900.6 provides: "In all misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, either without bail or because of his inability to post bail, *all days of custody of the defendant from the date of arrest to the date on which the serving of the sentence imposed commences shall be credited upon his sentence* . . . ." (Italics added.) The enactment of the statute for the obvious purpose of easing punishment on the misdemeanant and the underlined language above would, if section 2900.6 were construed without reference to any other statute, indicate that time served would be credited. However, section 2900.6 can be and has by some trial courts been read with section 2900.5 which applies to felony convictions and has identical language up to the phrase " . . . sentence imposed commences," and then continues with "*including days served as a condition of probation* in compliance with a court order, . . . ." (Italics added.)

Both sections were enacted in 1971, and were authored by the same assemblyman as consecutively numbered bills, but legislative history is scant. Assembly Bill No. 1238 was introduced specifically to add section 2900.6. It was signed by the Governor on December 3, 1971. Assembly Bill No. 1237 was part of a bill, the purpose of which was to add section 2900.5, and to amend sections 1213.5 and 3041. It was signed by the Governor on December 14, 1971. (Stats. 1971, ch. 1678, § 1, p. 3604; Stats. 1971, ch. 1732, § 2, p. 3683.)

Because both sections have the same author and since the phrase, "including days served as a condition of probation" is included in section 2900.5, and does not appear in 2900.6, the People argue that the omission was calculated. Therefore, the principle *expressio unius ext exclusio alterius* applies—when a law enumerates the things upon which it is to apply, it is to be construed as excluding from its effect that which is not expressly mentioned. (*Merchants Finance Corp.* v. *Mahomed* (1947) 82 Cal.App.2d 649 [187 P.2d 39].) People concede, however, that the maxim quoted yields to legislative intent otherwise expressed. (*McNee* v. *Harold Hensgen & Associates* (1960) 178 Cal.App.2d 881, 885 [3 Cal.Rptr. 377].)

Penal Code section 2900 provides that in the case of felonies the term of imprisonment begins " . . . to run only upon the actual delivery of the defendant into the custody of the Director of Corrections . . . ." A convicted felon normally serves time in two different places, jail and prison, and 2900 in effect mandates that jail time served prior to delivery of a felon to the Director of Corrections should not be credited to a convicted defendant. (See 4 Ops.Cal.Atty.Gen. 25, 27; *People* v. *Hayes* (1935) 9 Cal.App.2d 157 [49 P.2d 288].) This was true even though the felon was in the state prison but not in the custody of the Director of Corrections. (8 Ops.Cal.Atty.Gen. 177 [CYA ward who was in San Quentin under Youth Authority commitment and who also had an adult sentence pending was not entitled to credit on adult sentence until Youth Authority terminated jurisdiction over him and delivered custody to Director of Corrections]; cf. *People* v. *Bailey* (1969) 1 Cal.3d 180, 187, 189 [81 Cal.Rptr. 774, 460 P.2d 974]; Compare *Aguilera* v. *California Dept. of Corrections* (1966) 247 Cal.App.2d 150 [55 Cal.Rptr. 292].)

As a result of the operation of section 2900 a prisoner who was convicted, sentenced and awaiting transportation to the prison, would be serving "dead time" since the time would not count as part of his sentence. As late as 1969 the Supreme Court of this state was referring to "dead time" and the effect that it may have had on a defendant's choosing or not choosing to take an appeal. (*People* v. *Bailey* (1969) 1 Cal.3d 180, 187, 189 [81 Cal.Rptr. 774, 460 P.2d 974].)

In the treatment of misdemeanors there was no section comparable to section 2900, but prior case law on the subject had held that presentence jail time was not required to be credited to the sentence actually imposed: whether it was time awaiting sentence (*People* v. *Rose* (1940) 41 Cal.App.2d 445 [106 P.2d 930]); or if the time had been spent in jail as a condition of probation. (*In re Hays* (1953) 120 Cal.App.2d 308 [260 P.2d 1030].)[2]

██ Both sections 2900.5 and 2900.6 reflect the basic philosophy that when a person is incarcerated he is being punished by the reality of incarceration. Thus, in both sections any presentence time is credited towards his ultimate sentence. Section 2900 reflects the older philosophy that a person was *sent* to a prison *to be* punished as opposed to the philosophy expressed in 2900.6 that the fact of incarceration is punish-

---

[2]Since section 2900.5 was enacted to specifically avoid this construction, it is difficult to assume that the Legislature intended that 2900.6 should be subjected to the same judicial treatment as was accorded to 2900 before the enactment of 2900.5.

ment. In light of this basic shift in philosophy it appears clear that the added phrase "including days served as a condition of probation" was included out of an abundance of caution to insure that there would be no conflict with the express intent of the Legislature and the express language of section 2900. In the case of misdemeanants who are generally housed in the same jail and for whom there is no section comparable to section 2900, there was no need to include the additional language, as the general language "all days of custody of the defendant from the date of arrest to the date on which the serving of the sentence imposed commences" was sufficient to express the legislative intent, especially when fortified with the presumption that the Legislature intended to achieve a uniform body of law. (*Ramos* v. *City of Santa Clara* (1973) 35 Cal.App.3d 93 [110 Cal.Rptr. 485].) The fact that the Legislature has added additional wordage in section 2900.5 to overcome a specific problem created by the language of section 2900 does not mean that we should ignore the language used in 2900.6 "all days of custody [served] . . . from the date of arrest to the date [of] . . . sentence imposed . . . shall be credited . . . ." Were we to accept the construction urged by the People we would have to believe that the Legislature intended to benefit felons at the expense of misdemeanants, and we could be faced with an equal protection problem. (See *In re Kapperman* (1974) 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657].)

The judgment is reversed and the trial court is ordered to credit appellant with any time served as a condition of probation.

Fleming, J., and Beach, J., concurred.