Filed 8/14/15  P. v. Cross CA3
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070271 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 09F06395, 11F03888) |
| v. | |
| JOSHUA CROSS, | OPINION ON REMAND |
| Defendant and Appellant. | |

A jury found defendant Joshua Cross guilty of felony infliction of corporal injury on the mother of his child, and misdemeanor infliction of abuse on the child (case No. 11F03888).  It was unable to reach a verdict on a charge of robbery (which the trial court dismissed on the prosecutor's motion).  The jury also sustained an allegation of a prior conviction in 2010 for inflicting corporal injury on the mother of defendant's child in 2009.  The trial court sentenced defendant to a term in state prison for the felony, with

1

a consecutive jail term for the misdemeanor.  The trial court further found defendant in violation of the grants of probation in the 2009 incident (case No. 09F06395) and in another 2009 case (case No. 09F05116).  It imposed a consecutive state prison term in case No. 09F06395, terminating probation in case No. 09F05116.  It calculated conduct and custody credits only with respect to his current (May 2011) offense.

On appeal, defendant argued that trial counsel's stipulation that defendant was convicted in 2010 for the 2009 incident of domestic violence was "tantamount to an admission of a prior conviction," and thus required the trial court to advise defendant of his fundamental trial rights and solicit his waiver of them before it could give effect to the stipulation.  Our original opinion disagreed, characterizing defendant's stipulation as being to the application of an alternative sentencing scheme rather than an enhancement for a prior conviction.  (*People v. Cross* (June 7, 2013, C070271 [nonpub. opn.] (*Cross I*).)  On review, the Supreme Court disapproved authority on which we had relied, concluding that—regardless of the "taxonomy"—the *effect* was the same as admitting an enhancement for a prior conviction.  (*People v. Cross* (2015) 61 Cal.4th 164, 168, 178-179 (*Cross II*).)  *Cross II* thus reversed our judgment in this respect and remanded the matter for "not inconsistent" further proceedings.  (*Id.* at p. 180.)  As a result, we will vacate the recidivist finding and the sentence in case No. 11F03888, and remand for retrial on the finding.

Defendant had also maintained in *Cross I* that the trial court had failed to award presentence credits that he had accrued in connection with case No. 09F06395.[1]  The

---

[1]  Although his notice of appeal includes only the case number of his current offense, we deem it to embrace case No. 09F6395 as well, which was part of the judgment from which defendant was appealing.  On the other hand, as he does not raise any arguments in connection with case No. 09F05116, we deem him to have abandoned any appeal in that case.  (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 732, p. 798 & § 739, p. 806.)

People conceded he was entitled to the credits. We therefore affirmed the sentence in case No. 09F06395, but remanded for calculation of the credits. The Supreme Court affirmed our judgment in this respect (*Cross II*, *supra*, 61 Cal.4th at p. 180), and we will accordingly reiterate that portion of the opinion.

The circumstances underlying defendant's present or prior convictions are not relevant to his contentions. We therefore omit any factual summary and proceed to the Discussion.

## DISCUSSION

### I. *Cross II* Invalidates the Stipulation and Recidivist Finding

Before trial, the prosecutor successfully moved to admit defendant's prior acts of domestic violence against the victim, including the August 2009 incident that resulted in his conviction in case No. 09F06395. At trial, the prosecutor submitted a stipulation with the defense, which recited that defendant had been convicted in January 2010 for an incident of domestic violence in August 2009 with the same victim as the current offense. The court later instructed the jury that it must accept the facts in a stipulation as true, and that the People had the burden of proving the prior conviction beyond a reasonable doubt (though reminding the jury that the fact of the prior conviction had been the subject of a stipulation).

Because courts will not presume on a silent record that a defendant pleading guilty—an act that constitutes a conviction itself—knowingly and intelligently waived the right to a jury, the right of confrontation, and the right against compulsory self-incrimination, a trial court in accepting a guilty plea must expressly advise the defendant of these rights and solicit a waiver of them on the record. (*In re Tahl* (1969) 1 Cal.3d 122, 132-133, applying *Boykin v. Alabama* (1969) 395 U.S. 238, 242 [123 L.Ed.2d 274].) This process of advisement and waiver applies as well in circumstances "tantamount to a

3

plea of guilty" where conviction is the inevitable result, such as submitting the issue of guilt on a preliminary hearing transcript lacking any defense to the charges. (*People v. Adams* (1993) 6 Cal.4th 570, 576 (*Adams*).) This rule applies to both substantive offenses and enhancements. (*Id*. at pp. 576-577.) However, a defendant's admission of "evidentiary facts" that do not embrace *every* element of an offense or an enhancement, and which therefore leaves something "prerequisite to imposition of punishment,"[2] is not subject to the need for advisements and waivers. (*Adams*, at pp. 577-578, 581.)

Penal Code section 273.5, subdivision (e)(1)[3] provides in pertinent part that "Any person convicted of violating this section for acts occurring within seven years of a previous conviction under subdivision (a)" is subject to a sentencing triad of two, four, or five years (as opposed to the two, three, or four years otherwise specified in subdivision (a) of the statute). Based on the principles we have just outlined, defendant therefore claims that his stipulation admitted the only element of what he terms is a recidivist "enhancement" of his current offense, because conviction of the underlying present offense is a mere prerequisite under *Adams*. The People, other than adverting to the possibility of nullification (a point that *Adams* rejected, as we noted) and attempting to argue defendant somehow retained his fundamental constitutional rights with respect to the fact of his prior conviction for domestic violence, do not identify any element of this "enhancement" that the stipulation did not admit. As the Supreme Court concluded in this case, however, defendant "admitted 'every fact necessary to imposition of the additional punishment other than conviction of the underlying offense,' " and therefore

---

[2] The mere possibility of jury nullification despite admission of all facts necessary for a conviction or finding is an insufficient prerequisite to conviction to obviate the need for advisement and waiver. (*Adams*, *supra*, 6 Cal.4th at p. 580, fn. 7.)

[3] Undesignated statutory references are to the Penal Code.

was entitled to receive admonitions before giving effect to the stipulation. (*Cross II*, *supra*, 61 Cal.4th at p. 174.)

The error was not harmless. "[T]he record [does not] contain[] [any] indication that Cross's stipulation was knowing and voluntary, and the [People] do[] not contend otherwise. After counsel read the stipulation in open court, the trial court immediately accepted it. The court did not ask whether Cross had discussed the stipulation with his lawyer; nor did it ask any questions of Cross personally[,] [n]or in any way inform him of his right to a fair determination of the prior conviction allegation. [Citation.] . . . [N]othing in the record affirmatively shows that Cross was aware of his right to a fair determination of the truth of the prior conviction allegation. Accordingly, Cross's stipulation must be set aside." (*Cross II*, *supra*, 61 Cal.4th at p. 180.) We consequently vacate the finding that defendant had a prior conviction for domestic violence (and the sentence imposed in reliance on it) and remand for retrial on the recidivist finding and resentencing.

## II. Presentence Custody Credits

Defendant entered his plea of no contest in case No. 09F06395 in December 2009; the trial court granted probation in January 2010. In March 2011, the trial court found that defendant had violated probation based on an incident of domestic violence the previous month; it reinstated defendant on probation, conditioned on a 60-day jail term. Against the jail term, the trial court credited defendant with 25 days of custody he had served in connection with the August 2009 incident and 24 days of conduct credit. As noted above, the trial court in sentencing defendant to state prison did not calculate any presentence credits for case No. 09F06395.

Defendant maintains he is entitled to have these previously identified 25 days of custody credit and 24 days of conduct credit applied to his consecutive term for case No. 09F06395. The People concede the issue. While we agree in theory, the present

5

record does not allow us either to accept the 49 days to which the parties have stipulated or to determine the correct amount of custody credit. As we must remand in any event, the trial court can make the proper calculation.

In the first place, the record does not identify the *dates* of defendant's custody. If it occurred in 2009 (close in time to the incident), he would have accrued conduct credits at the lower rate of two days for every four-day period of custody. (Former § 4019, subds. (b) & (c) [see Stats. 1982, ch. 1234, § 7, p. 4553]; *People v. Brown* (2012) 54 Cal.4th 314, 318, 322 [regardless of time of sentencing, conduct credits accrue at rate in effect at time of custody].) If it occurred after January 25, 2010, but before September 28, 2010, he would have accrued conduct credit at the rate of one day for every two-day period, as the trial court apparently calculated. (Former § 4019, subds. (b)(1) & (c)(1) [see Stats. 2009, 3d Ex. Sess., 2009-2010, ch. 28, § 50].) And if it occurred between September 28, 2010, and the March 2011 hearing, he would have accrued conduct credit at the rate of one day for every day of custody. (Former § 2933, subd. (e)(1) [see Stats. 2010, ch. 426, § 1].) We cannot resolve this question on appeal.

In addition, a defendant is ordinarily entitled to credit against a subordinate term resulting from a probation violation for any period of custody imposed as a condition of that probation. (*People v. Riolo* (1983) 33 Cal.3d 223, 226, 228-229; *People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1414.) It would appear from the record that defendant was supposed to be in custody for an additional 11 days before the present May 2011 incident as a condition of reinstatement on probation (after his accrued credits were deducted from the 60-day jail term). He would thus *appear* to be entitled to an additional 11 days of custody credit with conduct credit at a rate again of one day for every one day of custody (former § 2933, subd. (e)(1) [see Stats. 2010, ch. 426, § 1]), unless there is some fact not disclosed in the record for denying him this credit for the ordered 11 days of custody.

6

Given the uncertainties in the record and the unexplained omission of the other 11 days of custody from the calculation of the parties, we cannot give defendant the remedy he requests. The better course of action is to allow the trial court on remand to make a proper determination of the facts that are relevant to the calculation of the presentence credits to which defendant is entitled for his subordinate term in case No. 09F06395.

## DISPOSITION

The recidivist finding and the sentence in case No. 11F03888 are vacated, and the matter remanded for retrial on the recidivist finding. The judgment is affirmed and the matter is remanded in case No. 09F06395 for a calculation of the proper amount of custody and conduct credits. The trial court shall prepare an amended abstract of judgment in case No. 09F06395 and forward a certified copy to the Department of Corrections and Rehabilitation.

                                               BUTZ          , Acting P. J.

We concur:

     MAURO      , J.

     HOCH       , J.

7