Filed 1/25/21  P. v. Valencia CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE , <br><br> Plaintiff and Respondent, <br><br> v. <br><br> STEVEN VALENCIA, JR., <br><br> Defendant and Appellant. | F078223 <br><br> (Super. Ct. Nos. VCF301291 & VCF364434) <br><br><br> **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Harry Joseph Columbo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Peña, Acting P.J., Smith, J. and Meehan, J.

Defendant Steven Valencia, Jr., contends on appeal the trial court miscalculated his presentence custody credits. The People concede defendant is correct as to certain dates, but they fail to address other dates raised by defendant. Thus, defendant argues remand is required for the trial court to recalculate credits. We agree, and therefore we vacate the custody credits portion of the sentence and remand for recalculation. In all other respects, we affirm.

**PROCEDURAL SUMMARY**

***Grant of Probation with Jail Time in case No. VCF301291***

On June 5, 2014, after a physical altercation with his girlfriend, defendant was arrested and taken into custody in case No. VCF301291 (case No. 91).

On July 14, 2014, defendant pled no contest to felony assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4);[1] count 1), misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 3), and misdemeanor child endangerment (§ 273a, subd. (b); count 4).

On August 8, 2014,[2] the trial court suspended imposition of sentence and granted defendant three years' probation with various terms and conditions, including 365 days in jail. Following the probation officer's recommendation, the court explained it was imposing the *365 days of jail time on count 3*, with credit for 129 days, but was imposing *no jail time on counts 1 and 4*.

On December 3, 2014, defendant was released from jail.

During the following years, defendant violated his probation several times.

For example, on June 7, 2017, in case No. VCM349720 (case No. 20), defendant pled to being under the influence of a controlled substance, and in case No. VCM351069

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] The clerk's transcript records this date as August 5, 2014. But on July 14, 2014, the trial court set the sentencing hearing for August 8, 2014, and the reporter's transcript of the sentencing hearing itself records the date as August 8, 2014.

2.

(case No. 69), he pled to trespass. He admitted violating probation in case No. 91. In case No. 20, the trial court granted three years' probation with 95 days' jail time and awarded 61 days of custody credits. In case No. 69, the court granted three years' probation with 90 days' jail time to be served consecutively to the probationary jail term in case No. 20, and awarded no custody credits. In case No. 91, the court reinstated probation with 90 days' jail time to be served consecutively to the probationary term in case No. 69, and awarded no custody credits.

The probation officer's report noted that on September 24, 2017, defendant completed his sentence in case No. 91, but remained in custody in case No. VCM340425 (case No. 25) until November 9, 2017.

Finally, on May 30, 2018, in case No. VCF364434 (case No. 34), defendant pled no contest to unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)). On August 20, 2018, he admitted violating probation in case No. 91.

*Imposition of Sentence*

On September 13, 2018, the trial court terminated probation in case No. 91 and sentenced defendant in both case No. 91 and case No. 34.

In case No. 91, on count 1 (felony assault), the court imposed two years in prison. The court awarded custody credits, as recommended by the probation officer's report, for time served from January 7, 2016, to January 21, 2016, and from August 10, 2017, to November 9, 2017. This amounted to 151 days of actual time, plus 75 days of good time and 75 days of work time, for a total of 301 days of credit. The court did not impose sentence on count 3 or 4.

On count 3 (misdemeanor resisting a peace officer), the probation officer calculated the custody credits as 325 days of actual time, plus 162 days of good time and 162 days of work time, for a total of 649 days of credits. These days included the time periods accounted for on count 1, above, *but also included the period from June 5, 2014, to December 3, 2014, which was not included or awarded on count 1*.

3.

In case No. 34, on count 1 (unlawfully driving or taking a vehicle), the trial court imposed two years, to be served concurrently to the term in case No. 91. The court awarded the same 301 days of credit as it awarded in case No. 91.

On October 1, 2018, defendant filed notices of appeal in both cases. The trial court denied his requests for certificates of probable cause.

On January 8, 2019, appellate counsel filed with the trial court an ex parte motion for correction of custody credits.

On January 31, 2019, at the hearing on the motion, defendant was represented by defense counsel (not appellate counsel). The following occurred:

> "THE COURT: Do you wish to add anything at this point[, defense counsel]? I can tell you, based on what I've been able to review so far, the credit calculation that probation came up with in response to the motion, as far as I can tell, is accurate at this point. [Appellate counsel] submitted supplemental points and authorities disputing the awarding of credits in that supplemental memo. I'm just not persuaded by his reasoning for why the credits that were not awarded by probation should be.
>
> "Essentially—as I can determine, he is arguing that when the sentencing Court placed [defendant] on probation initially and it imposed all of the custody time at that point on a misdemeanor in Count 3, [appellate counsel's] argument is that is essentially a null action, somehow that even though the Court did that, said it did that, that's not what actually happened. I just don't—I don't see how that is actually the case. It appears to me that while he was placed on probation on the felony [(count 1)] and not sentenced in some sense of that word at that time, he was sentenced on the misdemeanor [(count 3)]. At that point he was sentenced to a year in the county jail, and that time was not allotted to the felony count [(count 1)].
>
> "[Appellate counsel's] other argument, as I understand it, is that on the violation of probation which [defendant] was sentenced to serve 90 days consecutive to some other time that was imposed that he would be awarded custody credits for the entire aggregate term, including the time that was imposed on other cases. I'm just not aware of any authority for that proposition, either.

"So that's my stance at this point. I know it's not your motion, but you did represent [defendant] at the trial court. Do you wish to add anything?

"[DEFENSE COUNSEL]: Your Honor, I would—probation's new calculation actually takes credits away from [defendant]. The original credit timing was more than—when he was sentenced was more than what they're now saying. And I would ask the Court to just leave his credits as he was sentenced with them rather than taking credits away from him based on probation's calculation. Obviously, this was not my motion. [Appellate counsel] did not want me to withdraw it, asked me to file the supplemental. Obviously, we would want [defendant] to get as many credits as he deserves and should get. And I do think that it is unfair for the Court to give credits when someone has a probation violation and a misdemeanor to just the misdemeanor [(count 3)]. But if the Court is now finding that that was a proper allocation of the custody time, then that's something that [appellate counsel] can take up with the appellate court if that's the Court's ruling today. But I would ask that at the very least the Court not take credits that [defendant] got at sentencing away from him now.

"THE COURT: [Prosecutor], do you wish to add anything?

"[PROSECUTOR]: Your Honor, I would just note that it was brought by the defense, not maybe by [defense counsel's] office, but by the defendant, to recalculate his credits. In recalculating his credits, it shows that he actually deserves less credits. The Court can consider it. And I would submit it as to the Court's discretion.

"THE COURT: I will note that I was not the judge that sentenced [defendant] originally or sentenced him on the violation of probation that is at issue for the purpose of these custody credits. It's not my practice to allot all of the jail time in a mixed felony/misdemeanor case to a misdemeanor. I award those—impose the time on the felony counts unless there's some unusual reason to do so. But it does appear clear to me that Judge Hollman at the time of sentencing very specifically awarded all of the time—or allotted all of the time, rather, as to the misdemeanor resisting arrest [(count 3)], so it appears to me that [defendant] was actually sentenced on the misdemeanor resisting arrest, at which time he was given 365 days in the county jail in that case, which is [No. 91], and no time was imposed as to Count 1, the felony, for which [defendant] is now in state prison. I also believe that probation's correct as to the allotting of custody credits for the probation violation that occurred in 2017.

"I just don't see how [defendant] should get credits in case [No. ]91 for time that he served on a different case, which it seems to me is essentially what [appellate counsel] is arguing. If I'm wrong, then the [F]ifth [District Court of Appeal] will correct me. But at this point I am going to modify the sentence to adjust the custody credits consistent with the memorandum submitted by the probation department earlier this month.

"So in case [No. 91] the total actual days of credit are 94 plus 47 good time and 47 work time, for a total of 188 days served. Those are [section] 4019 credits, not [section] 2933.1. It's not a violent felony.

"[DEFENSE COUNSEL]: Correct. And for the record, your Honor, the custody credits that were calculated in [case No. 34] were never at dispute, and those remain as per the original sentencing; correct?

"THE COURT: Yes."

Thus, the trial court denied the motion and instead reduced defendant's custody credits in case No. 91 pursuant to the new probation report's recommendation.

On May 7, 2019, defendant filed a supplemental motion for correction of custody credits.

On May 21, 2019, the trial court denied the motion without explanation.[3]

## DISCUSSION

Defendant contends he is entitled to custody credits in case No. 91 for (1) the period from June 5, 2014, to December 3, 2014, and (2) the period from June 7, 2017, to September 13, 2018.

Defendant explains that the trial court's failure to award custody credits for the first period from June 5, 2014, to December 3, 2014, was the result of the court's erroneous belief that the 365-day jail term was a separate term imposed on *count 3*. He asserts that this misconception led the court to believe the custody credits could not be awarded when it terminated probation and imposed sentence on *count 1*. The People

---

[3]     Neither defendant nor counsel were present.

6.

concede defendant is entitled to custody credits for the first period of June 5, 2014, to December 3, 2014, and that he is entitled to a total of 509 days of custody credits.

As for the second period from June 7, 2017, to September 13, 2018, defendant argues the trial court's failure to award custody credits was the result of the court's erroneous belief that the consecutive 90-day probationary jail term imposed on June 7, 2017, for a violation of probation, was a separate term rather than part of the ongoing aggregate term. Defendant argues that the People's response fails to address three time periods within this period: (a) June 7, 2017, to August 9, 2017, (b) September 25, 2017, to November 9, 2017, and (c) July 26, 2018, to August 8, 2018.

Defendant asks that we remand to the trial court for recalculation of his custody credits. We will do so. Required for this calculation, defendant asserts, are factual determinations, such as (1) the date he was released from custody, on either September 24, 2017, or November 9, 2017,[4] and (2) the date in July or August 2018, upon which defendant's custody became attributable to the July 26, 2018 probation violation petition; this date would serve as the starting date of custody served until September 13, 2018.[5]

Although we are not in the position to decide the factual issues that the trial court must determine when it recalculates defendant's custody credits, we can address some legal issues that might assist the trial court in its recalculation. We recognize that calculation of credits is notoriously complicated. "As with many determinations of credit, a seemingly simple question can reveal hidden complexities." (*In re Marquez* (2003) 30 Cal.4th 14, 19.) " 'As [the Supreme Court has] noted, in what is surely an understatement, "[c]redit determination is not a simple matter." ' " (*Ibid.*; see Couzens

---

[4]     The probation report cites both dates as the release date.

[5]     The People appear to conclude this period began with August 9, 2018, but defendant argues it might have begun on an earlier date.

7.

et al., Sentencing Cal. Crimes (The Rutter Group 2020) § 15.1 ["The calculation of credits in a criminal case involves one of the most non-intuitive, confusing and complex rules in the criminal law."].)

## I. Probation is Granted as to All Counts

When probation is granted, it is granted as to all counts. We know of no authority that allows a court to impose sentence on one count and grant probation on another count in the same case. There is, however, support for the contrary conclusion that a trial court lacks this authority. "Upon conviction it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed. (Pen. Code, § 12; [citations].) Pursuant to this duty the court must *either* sentence the defendant or grant probation in a lawful manner; it has no other discretion." (*People v. Cheffen* (1969) 2 Cal.App.3d 638, 641–642, italics added.) Section 1203, subdivision (b)(3) provides that a trial court shall determine "the suitability of probation *in the particular case*" (italics added), and makes no reference to a court's determining the suitability of a defendant with respect to individual counts in a case; additionally, section 1203, subdivision (b)(3) refers to a binary choice—a trial court shall *either* "place the person on probation" or determine that "probation is denied." (§ 1203, subd. (b)(3).)[6] The text of section 1203, subdivision (b)(3) thus supports the conclusion that the Legislature intended for probation

---

[6] Both the 2014 and the current versions of section 1203, subdivision (b)(3) provide: "At a time fixed by the court, the court shall hear and determine the application, if one has been made, or, in any case, the suitability of probation in the particular case. At the hearing, the court shall consider any report of the probation officer … and shall make a statement that it has considered the report, which shall be filed with the clerk of the court as a record in the case. If the court determines that there are circumstances in mitigation of the punishment prescribed by law or that the ends of justice would be served by granting probation to the person, it may place the person on probation. If probation is denied, the clerk of the court shall immediately send a copy of the report to the Department of Corrections and Rehabilitation at the prison or other institution to which the person is delivered."

eligibility to be determined with respect to a "particular case," rather than on a count-by-count basis.  (*Ibid*.)

## II.     Credits are Applied to "Term of Imprisonment" for a Consecutive Term

Section 2900.5, subdivision (a) provides that "[i]n all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, … shall be credited upon his or her term of imprisonment, or credited to any base fine that may be imposed …."

In other words, "[a] defendant is entitled to actual custody credit for 'all days of custody' …, including partial days.  [Citations.]  Calculation of custody credit begins on the day of arrest and continues through the day of sentencing." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48; § 2900.5, subd. (a).)  Time served presentence is cumulative and thus noncontinuous presentence custody must be aggregated.  (*People v. Culp* (2002) 100 Cal.App.4th 1278, 1283–1284.)

Although consecutive terms form an aggregate term (§§ 669, 1170.1, subd. (a)), "[o]nly one set of credits is given on consecutive sentences imposed in a single proceeding.  (§ 2900.5, subd. (b).)" (*People v. Adrian* (1987) 191 Cal.App.3d 868, 876–877.)  Section 2900.5, subdivision (b) provides:  "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted.  Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."[7]

---

[7]     The Supreme Court has noted:  "Although the statutory language in section 2900.5 'may appear to have meaning which is self-evident, … courts have had considerable difficulty in applying the words to novel facts.'  [Citation.]  'Probably the only sure

"In the case of multiple proceedings leading to terms which are consolidated by the last sentencing court pursuant to section 669, the 'attributable' limitation still applies. [C]redits are not reallocated: they remain assigned only to the proceedings in which they were earned. Therefore, if the last court orders consecutive sentences and the credits earned on the terms ordered to run consecutive[ly] exceed the resulting one-third of middle base terms imposed, the consecutive terms are 'served,' but the excess credits are not available to reduce the unrelated full base term. (*People v. Riolo* (1983) 33 Cal.3d 223; *People v. Brown* (1984) 156 Cal.App.3d 1131.)" (*People v. Adrian*, *supra*, 191 Cal.App.3d at p. 877.)

"Section 2900.5, subdivision (a) mandates that all days of custody served for an offense be deducted from the 'term of imprisonment' imposed for the offense. Subdivision (a) of section 1170.1 defines the 'term of imprisonment' for a consecutive offense as one-third the middle base term for the offense. Read together, the statutes clearly specify that credits be deducted from the term of imprisonment prescribed by section 1170.1, one-third the middle base term." (*People v. Riolo*, *supra*, 33 Cal.3d at p. 226.) While consecutive terms result in a single aggregate term, presentence custody credits are to be deducted from the " 'term of imprisonment,' " i.e., the principal or subordinate term, imposed for the offense for which the custody was earned. (*Ibid*.) Thus, a defendant is ordinarily entitled to credit against a subordinate term resulting from a probation violation for any period of custody imposed as a condition of that probation. (*Id.* at pp. 226, 228–229; *People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1414 [custody credit "is to be applied for time served on a subordinate term resulting from a probation violation"]; *People v. Lacebal* (1991) 233 Cal.App.3d 1061, 1064–1065.)

---

consensus among the appellate courts is a recognition that section 2900.5, subdivision (b), is "difficult to interpret and apply." ' " (*In re Marquez*, *supra*, 30 Cal.4th at p. 19.)

**III.    Dual Credits are Precluded Against Consecutive Probationary Jail Terms**

In *People v. Santa Ana* (2016) 247 Cal.App.4th 1123 (*Santa Ana*), the court concluded that "the credit limitation established by the second sentence of section 2900.5[, subdivision ](b) applies where there is a single period of custody to be credited arising from the commission of one new offense, there are dual custodial restraints, and, at the time of sentencing in the two cases, the trial court imposes a probationary jail term in one case and imposes a consecutive probationary jail term in the other case." (*Id.* at p. 1127.)

In *Santa Ana*, the defendant "was convicted of misdemeanor petty theft … by plea and placed on probation with imposition of sentence suspended.  At the time she committed the theft, [the defendant] was on probation in an unrelated case … (the earlier case).  At the same sentencing hearing, probation was revoked [based on commission of the petty theft] and reinstated in the earlier case and probation was granted in this case.  In each case, the trial court imposed a jail term as a condition of probation.  In the earlier case, the trial court awarded credits for [the defendant's] presentence custody (from the date of arrest for theft through the date of sentencing) against the probationary jail term.  In this case, the trial court denied credit against the probationary jail term, which was ordered to be served consecutively to the probationary jail term imposed in the earlier case." (*Santa Ana*, *supra*, 247 Cal.App.4th at p. 1126.)

After an extensive analysis, the court stated:

> "In light of the underlying general legislative purpose of section 2900.5 and specific legislative purpose of the second sentence of 2900.5[, subdivision ](b), we conclude that [the defendant's] single period of custody at issue, which arose from the petty theft she committed while on probation for earlier offenses, was attributable to multiple offenses for which a consecutive sentence was imposed.  Our conclusion is consistent with the Supreme Court's observation in [*People v. ]Bruner* [(1995) 9 Cal.4th 1178]:  'By its terms, the [1978] amendment does no more than clarify that when consecutive terms are imposed for multiple offenses in a single proceeding, only one of the terms shall receive credit for presentence

custody, while leaving undisturbed the accepted principle that when *concurrent* sentences are imposed at the same time, presentence custody is credited against all.' [Citation.] It is also consistent with the statement in a well-respected treatise that 'if the sentences for different cases are imposed consecutively, the court must be careful not to award duplicate credit for any particular day in custody.' [Citation.]

"Accordingly, the trial court, having credited [the defendant] for the period of custody at issue against the probationary jail term imposed in the earlier case, properly did not also credit that period of custody against the consecutive jail term imposed as a condition of probation in this case." (*Santa Ana*, *supra*, 247 Cal.App.4th at pp. 1144–1145.)

## IV. Excess Credits are Applied to Parole Term and/or Fines

When a defendant is entitled to credits that *exceed* his term of imprisonment, the excess credits shall be applied to his term of parole and/or any base fine imposed. (§ 2900.5, subd. (a) ["all days of custody of the defendant … shall be credited upon his or her term of imprisonment, or credited to any base fine"]; *People v. Morales* (2016) 63 Cal.4th 399, 405 [§ 2900.5, subd. (a) "provides that presentence custody shall be credited towards the sentence"]; *People v. Morales*, at p. 406 ["the credit [for time served] can reduce or eliminate the period of parole"]; *In re Sosa* (1980) 102 Cal.App.3d 1002 [excess presentence credits applied to reduce period of parole]; *People v. Petri* (2020) 45 Cal.App.5th 82, 92–93 ["Although a defendant's excess custody credits may be applied to reduce a fine imposed by the trial court, such excess credits may not be applied to reduce victim restitution, a restitution fine, the court operations assessment, or the court facilities assessment."].)

## DISPOSITION

The custody credits portion of the sentence is vacated. The matter is remanded to the trial court for a fact-finding hearing and recalculation of defendant's custody credits, without assuming the accuracy of the existing probation credit calculations. The trial court is directed to prepare an amended abstract of judgment and forward a copy to the appropriate entities. In all other respects, the judgment is affirmed.

12.